417 F.2d 264
 William BLAKE
v.
FARRELL LINES, INC., Appellant.
FARRELL LINES INCORPORATED, Appellant,
v.
LAVINO SHIPPING COMPANY.
William JIGGIETS
v.
PRUDENTIAL LINES, INC., Appellant.
PRUDENTIAL LINES, INC., Appellant,
v.
LAVINO SHIPPING COMPANY and
PHILADELPHIA SHIP SUPPLY & LUMBER CO., Additional Respondent,
v.
GEORGE J. HAENN, INC., Impleaded Respondent.
 Nos. 17725-17728.
 United States Court of Appeals Third Circuit.
 Argued June 19, 1969.
 Decided September 2, 1969.
 As Amended January 23, 1970.
 
 C. Clark Hodgson, Jr., Stradley, Ronon, Stevens & Young, Philadelphia, Pa. (S. Gordon Elkins, Philadelphia, Pa., on the brief), for appellants.
 George D. Sheenan, Philadelphia, Pa. (Rawle & Henderson, Philadelphia, Pa., on the brief), for appellee Lavino Shipping Co.
 Roger B. Woods, Philadelphia, Pa. (Joseph R. Thompson, Philadelphia, Pa., on the brief), for appellee George J. Haenn, Inc.
 Before HASTIE, Chief Judge, and McLAUGHLIN and SEITZ, Circuit Judges.
 OPINION OF THE COURT
 HASTIE, Chief Judge.
 
 
 1
 Each of these appeals challenges an order which requires a consolidated jury trial of a longshoreman's diversity suit for damages against the owners of a ship, upon which he allegedly was negligently injured, with the shipowner's consequent separate suit in admiralty for indemnity against the longshoreman's employer, a stevedoring company with which the shipowner had contracted for the performance of shipboard cargo operations during the course of which the longshoreman's injury occurred.
 
 
 2
 After filing the separate indemnity suit in admiralty, each shipowner moved under Rule 42, Federal Rules of Civil Procedure, to consolidate original and indemnity proceedings, requesting in its motion that the consolidated trial be before a judge without a jury. The stevedoring company contended that consolidation, if ordered, should be attended by a jury trial of all factual issues in both cases. The court then ordered consolidation of each pair of cases for trial and directed that all factual issues, other than the issue of counsel fees in the indemnity suits, be tried to a jury. These appeals followed.
 
 
 3
 The disputed question is whether, in the circumstances of these cases, it was proper for the court to require that a jury try the factual issues of an admiralty suit for indemnity.
 
 
 4
 Our starting point is the provision of Article III, Section 2 of the Constitution that the judicial power of the national government shall embrace "all Cases of Admiralty and Maritime Jurisdiction".[1] Pursuant to that Constitutional allocation Congress has vested "original jurisdiction * * * of * * * [a]ny civil case of admiralty or maritime jurisdiction * * *" in the district courts. 28 U.S.C. § 1333.
 
 
 5
 The historic fact is that prior to and since the adoption of the Constitution various principles, rules and procedures have been characteristic of admiralty. Notable among them is the functioning of the admiralty judge as the trier of fact. The Sarah, 1823, 21 U.S. (8 Wheat.) 391, 5 L.Ed. 644; Waring v. Clarke, 1847, 46 U.S. (5 How.) 441, 460, 12 L.Ed. 226; Panama R. R. Co. v. Johnson, 1924, 264 U.S. 375, 391, 44 S.Ct. 391, 68 L.Ed. 748. But the Constitutional vesting of admiralty jurisdiction in the district courts did not require the perpetuation of all historically characteristic principles, rules and practices of admiralty, any more than the vesting of these same courts with equitable powers precluded the subsequent modification of jurisprudence and practice in equity. Thus, in The Genesee Chief v. Fitzhugh, 1851, 53 U.S. (12 How.) 443, 13 L.Ed. 1058, Chief Justice Taney, commenting upon a provision of the Great Lakes Act, 5 Stat. 726, now 62 Stat. 953, 28 U.S.C. § 1873, which specifically provided for jury trial in admiralty suits arising on the Great Lakes, observed that "[i]n admiralty and marine cases * * * Congress may * * * give either party right of trial by jury * * *," at 460.[2] And much more recently the Supreme Court has reminded us that neither the Constitution nor "any statute of Congress or Rule of Procedure, Civil or Admiralty, forbid[s] jury trials in maritime cases." Fitzgerald v. United States Lines Co., 1963, 374 U.S. 16, 20, 83 S.Ct. 1646, 1650, 10 L.Ed.2d 720. Significantly, the Court added "Congress has largely left to this Court the responsibility for fashioning the controlling rules of admiralty law." Id. However, in actual decision the Fitzgerald case does no more than to sanction a consolidated jury trial for an admiralty claim for maintenance and cure and a Jones Act claim for damages, both arising from the same injury and asserted by the same plaintiff against the same defendant.[3]
 
 
 6
 For present purposes, the Fitzgerald case is important because of its implication that, if the circumstances justify such action, a district court exercising section 1333 jurisdiction over a maritime claim may require that the issues of fact be tried to a jury. Accord, Haskins v. Point Towing Co., 3d Cir. 1968, 395 F.2d 737. In this connection it is noteworthy that the dissenting opinion in the Fitzgerald case contended that any change in the mode of trial in admiralty should be effectuated by amending the Rules rather than by decision in a case. Thus, it appears that the interrelation of rule making and decisional law in this context was considered by the Court.
 
 
 7
 This aspect of the Fitzgerald case is relevant to our present problem because of the arguable impact of applicable Rules in both cases. Fitzgerald was decided at a time when Admiralty Rule 46½ provided that "[i]n deciding cases of admiralty and maritime jurisdiction the court of first instance shall find the facts specially . . .." Despite this mandate that the admiralty court should be the fact finder and despite the dissenting contention that this procedural matter should be determined by general rule rather than particular decision, the Court found it proper in the circumstances of Fitzgerald to order a jury trial of an admiralty claim.
 
 
 8
 The present case was decided in the district court after July 1, 1966, the date upon which the admiralty Rules were superseded by the general civil Rules with a few provisions added to cover situations in which special procedure was deemed necessary in admiralty. Rule 46½ was not preserved. Instead, the general provisions of Rules 38 and 39, F.R.C.P., concerning jury trials now regulate the trial of factual issues in admiralty as well as factual issues in law and in equity. These rules divide cases into two categories, those in which parties have a right to a jury trial and those in which there is not such a right.
 
 
 9
 We read these rules as a formula for the assertion and preservation of the right to jury trial. However, they neither create nor preserve any right to a non-jury trial. This does not mean that in the ordinary situation in which there is no right to a jury trial, the trial judge may, within his discretion, reject the traditional mode of fact finding and order a jury trial. For if so great a change in procedure had been intended, we think the rules would have explicitly conferred such discretion upon the trial judge. However, in the narrow circumstances of a consolidated trial, the trial judge, under Rule 42(a), is given the broad authority to "make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay." Thus the order presently contested may reasonably be viewed as within the trial judge's discretion under Rule 42(a), and not contrary to anything contained in Rules 38 and 39.
 
 
 10
 These observations and the overriding of Admiralty Rule 46½ in Fitzgerald lead us to conclude that in special situations of trial consolidation of closely related actions or claims, one attended by a right to jury trial and the other not, a court may, in the interest of the efficient and expeditious administration of justice, require that both be submitted to a jury for decision upon disputed factual issues. Accord Kennedy v. Lakso Co., Inc., 3d Cir. 1969, 414 F.2d 1249.
 
 
 11
 This problem is inherent in the exercise of the judicial power of consolidation of actions. Often, as in the present case, it appears that the consolidation of an action at law and an admiralty suit will save trial time and make for consistency and efficiency in the disposition of closely related disputes arising out of the same transaction or mishap. Ellerman Lines, Ltd. v. Atlantic & Gulf Stevedores, Inc., 3d Cir. 1964, 339 F.2d 673; and see the persuasive reasoning of the district court on this point in Close v. Calmar Steamship Corp., E.D.Pa.1968, 44 F.R.D. 398, 401-402, which controlled the decision below. Yet, only by the decision of common issues of fact by a single trier of fact can the potential benefits of such consolidation be realized fully. Moreover, jury trial is a matter of right in the action for damages while only historic practice and the failure of the Rules to make affirmative provision for this situation inhibit the ordering of a jury trial of the admiralty suit. In these circumstances, we think it is reasonable and proper, and a logical extension of the Fitzgerald case, to recognize the exercise of judicial power to order a consolidated jury trial of both proceedings as a proper means of fully effectuating the justifying purposes of Rule 42(a) consolidation. See Close v. Calmar Steamship Corp., supra, at 409.
 
 
 12
 The judgment will be affirmed.
 
 
 
 Notes:
 
 
 [1]
 While these provisions undoubtedly were predicated upon knowledge that law and practice as developed in admiralty exhibited distinctive characteristics, nothing was said about their retention or alteration
 
 
 [2]
 Cf. 28 U.S.C. § 772, now superseded by Rule 39(c), F.R.C.P., authorizing but not requiring district courts "sitting in equity for the trial of patent causes" to impanel a jury for the trial of issues of fact.
 
 
 [3]
 In effect, theFitzgerald decision overrules our decision in Jordine v. Walling, 3d Cir. 1950, 185 F.2d 662.