**HUMBLE OIL & REFINING COMPANY**

v.

**PHILADELPHIA SHIP MAINTE-NANCE CO., Inc.**

**No. 91 of 1966, in Admiralty**

United States District Court,
E. D. Pennsylvania.

March 10, 1972.

James F. Young, of Krusen, Evans & Bryne, Philadelphia, Pa., for plaintiff.

Francis E. Marshall, of Marshall, Dennehey & Warner, Philadelphia, Pa., for defendant.

## MEMORANDUM AND ORDER

CLIFFORD SCOTT GREEN, District Judge.

In this indemnity action brought by a shipowner against a stevedore, the stevedore-defendant has now moved for a jury trial after the Court of Appeals reversed a summary judgment entered by the District Court in favor of plaintiff and remanded for a new trial. Humble Oil & Refining Co. v. Philadelphia Ship Maintenance Co., Inc., 444 F.2d 727 (3rd Cir. 1971). Because this is a claim in admiralty, we conclude that defendant's motion for a jury trial must be denied. E. g., Romero v. International Terminal Operating Co., 358 U.S. 354, 79 S.Ct. 468, 3 L.Ed.2d 368 (1959); Texas Menhaden Co. v. Palermo, 329 F.2d 579 (5th Cir. 1964); Cateora v. British Atlantic Assurance, Ltd., of Nassau, 282 F.Supp. 167 (S.D.Texas 1968); and Fed.R.Civ.P. 38(e), 9(h).

It is true that jury trials have been granted in admiralty actions under special circumstances appropriate for the exercise of judicial discretion for the sake of judicial economy, such as where the admiralty indemnity action is consolidated and tried with the original personal injury action brought under diversity jurisdiction in which plaintiff has a right to a jury. E. g., Blake v. Farrell Lines, Inc., 417 F.2d 264 (3rd Cir. 1969). However, in *Blake, supra,* Chief Judge Hastie cautioned that

[t]his does not mean that in the ordinary situation in which there is no right to a jury trial, the trial judge may, within his discretion, reject the traditional mode of fact finding and order a jury trial. 417 F.2d at 266.

Defendant contends that this is not the ordinary situation because the trial judge will know that the judge to whom the case was originally assigned entered a summary judgment in favor of plaintiff. Of course, the Court will also

know that the Court of Appeals reversed the entry of summary judgment and remanded the case for trial, on the ground that certain elements of liability had not been considered. The case is now in a substantially different posture than it was when heard the first time.

The aforesaid facts offer no basis for finding that defendant cannot obtain a fair trial in a traditional admiralty, non-jury proceeding, and if the granting of the request for a jury trial were discretionary, the Court would deny it. However, the reasons stated in support of the request are insufficient to make this an extraordinary situation, and, accordingly, the Court does not have the discretionary authority to grant defendant's request for a trial by jury.