PARSONS MILLS, INC. and Only Industrial Angolana Ltd., Plaintiffs,

v.

COMPANHIA PORTUGUESE DE TRANSPORTES MARITIMA S.A.R.L. the M. V. MAURICIO DE OLIVEIRA, the M. V. ROCADAS, Defendant.

ONLY INDUSTRIAL ANGOLANA, LDA., Plaintiff,

v.

ALBANY INSURANCE COMPANY, Defendant.

Nos. 76 Civ. 3265 (MEF), 78 Civ. 0057 (MEF).

United States District Court, S. D. New York.

June 22, 1978.

Michael J. Siris, Gilmartin, Poster & Shafto, New York City, for plaintiff.

David L. Linden, Walker & Corsa, New York City, for defendants and third-party plaintiffs.

John M. Speyer, Greenhill & Speyer, New York City, for third-party defendant.

## MEMORANDUM

FRANKEL, District Judge.

Plaintiffs' motion to consolidate was referred to the Honorable Nina Gershon for a report and recommended decision. Magistrate Gershon's Report and Recommendation of May 18, 1978, proposes and explains that the motion should be granted in full. No objection to that recommendation has been filed. The court, having reviewed the motion papers and the recommended decision, agrees in full with the analysis and proposed decision of Magistrate Gerhson. Accordingly, that recommendation is affirmed and adopted by the court. The motion is granted.

It is so ordered.

## REPORT AND RECOMMENDATION

The above-entitled actions have been referred to me by the Honorable Marvin E. Frankel, District Judge, for all pre-trial purposes. In addition, Judge Frankel has referred to me, to hear and report a proposed decision, plaintiffs' motion to consolidate the two cases. This is my report on that motion.

The action by Parsons Mills, Inc. and Only Industrial Angolana Ltd. ("Only"), 76 Civ. 3265 ("Action # 1"), was brought as an admiralty action and seeks to recover $167,-000.00 for the non-delivery of two shipments of cotton piece goods. Parsons Mills was the shipper and Only the ultimate consignee. The defendant ("Companhia Portuguese") is the shipowner. The other action ("Action # 2") is brought by Only against Albany Insurance Company ("Albany") for wrongful declination of the plaintiff's claim with respect to the cargo involved in Action # 1. Albany supports the motion for consolidation.

Upon review of all the papers submitted on the motion and having heard counsel, it is my conclusion that these actions, arising out of the same events, involve many common factual issues and that a consolidated trial will substantially increase economy and convenience in the administration of justice.

The loss of the cargo, which apparently was seized by force at an Angolan port, is virtually conceded. The shipowner raises various affirmative defenses to its liability, which defenses will require proof as to the details of the seizure of the goods including whether the seizure was the act of governmental authorities or the result of insurrection and whether the seizure could have been prevented or avoided either by the vessel or by the plaintiffs. Since Albany, in declining insurance coverage, relies on an exclusion provision in the policy which deals with captures and seizures, the same factual questions as to the seizure are presented in Action # 2 as are presented in Action # 1. In addition, there are common questions relating to damages, such as the exact quantity and value of the property lost and the value of any salvage.

No sound basis has been offered for not allowing these issues to be tried once rather than twice. Although considerable discovery had occurred in Action # 1 prior to the making of the motion to consolidate, discovery is not yet complete. Counsel for plaintiffs and for Albany have indicated a willingness to proceed expeditiously with

discovery in Action # 2 and, at my request, have submitted affidavits as to the amount of discovery needed in that action and the length of time required to accomplish it. Counsel for Albany represents that he can be ready for trial by September 20, 1978; counsel for the plaintiffs represents that he can be ready even earlier. That Action # 1 may be ready a few months earlier does not warrant denying the motion to consolidate.

■ Companhia Portuguese argues that "through the vehicle of consolidation" plaintiffs are attempting to obtain a jury trial in Action # 1 to which they are not entitled since that action is a non-jury admiralty action. Memo. at pp. 8–9. In response to this argument, the parties seeking consolidation urge that the relief sought, a consolidated jury trial, is entirely proper. In the alternative, they state that, if the jury demand in Action # 2 bars consolidation, they will waive any rights they may have to a jury in that action in order that consolidation may be accomplished. Since I agree with their first proposition, that a consolidated jury trial is proper here, such a waiver is unnecessary.

■ After an extensive analysis, the Court in *Blake v. Farrell Lines, Inc.,* 417 F.2d 264 (3rd Cir. 1969), allowed consolidation of a non-jury admiralty action with a jury action, both to be tried before the jury. As the Court in *Blake* noted (at 265):

"... the Supreme Court has reminded us that neither the Constitution nor 'any statute of Congress or Rule of Procedure, Civil or Admiralty, forbid[s] jury trials in maritime cases.' *Fitzgerald v. United States Lines Co.,* 1963, 374 U.S. 16, 20, 83 S.Ct. 1646, 1650, 10 L.Ed.2d 720. ..."

Here, as in *Blake,* "the consolidation of an action at law and an admiralty suit will save trial time and make for consistency and efficiency in the disposition of closely related disputes arising out of the same transaction or mishap". *Id.* However, again as in *Blake,* "only by the decision of common issues of fact by a single trier of fact can the potential benefits of such con-

solidation be realized fully". *Id.* Accordingly, ordering a consolidated jury trial of both proceedings is "a proper means of fully effectuating the justifying purposes of Rule 42(a) consolidation". *Id.* at 267.

Although there are admittedly some issues which are not common to both actions, such as interpretation of the insurance policy and alleged time bars, at this stage it appears that such issues will require relatively brief trial time and will not unduly complicate the issues before the jury. There has been no showing that the existence of these uncommon issues will prejudice Companhia Portuguese's case. See *Ikerd v. Lapworth,* 435 F.2d 197, 204 (7th Cir. 1970). Accordingly, it is my recommendation that the two actions be consolidated in full. Of course, if at the time of trial the situation changes and the presence of such issues at the trial is shown to be prejudicial to Companhia Portuguese, a separate trial of those issues could be ordered pursuant to Rule 42(b) of the Federal Rules of Civil Procedure. See *DeFigueiredo v. Trans World Airlines, Inc.,* 55 F.R.D. 44, 47 (S.D. N.Y.1971).

The following documents were considered in making this report: Plaintiffs' notice of motion and attached exhibits; plaintiffs' memorandum and reply memorandum; Siris reply affidavit, filed February 21, 1978; Siris affidavit dated March 20, 1978 (unfiled); Siris letter of March 7, 1978 regarding waiver of jury demand; Companhia Portuguese's memorandum; Linden affidavit filed February 16, 1978; Linden letter of March 23, 1978; Speyer affidavit filed February 15, 1978; Speyer affidavit of March 20, 1978 (unfiled).

Copies of this report and recommendation are being mailed today to all counsel who are hereby notified that they may serve and file comments upon or objections to it, with a copy to me, within ten days.

Respectfully submitted,
S/ Nina Gershon
NINA GERSHON
United States Magistrate

DATED: NEW YORK, NEW YORK
May 18, 1978