RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)
File Name: 13a0243p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

_____

DWAYNE MIEDZIANOWSKI, as an agent for the
municipal corporation and as an individual;
JEREMY MCGRAW, as an agent of the
Municipal corporation, and as
an individual, jointly and severally,

*Petitioners*.

No. 13-101

Upon Petition for Permission to Appeal
from an order of United States District Court
for the Eastern District of Michigan at Bay City.
No. 1:08-cv-10997—Thomas L. Ludington, District Judge.

Decided and Filed: August 20, 2013

Before: BATCHELDER, Chief Judge; KEITH and STRANCH, Circuit Judges.

_____

## ORDER

_____

Police officer Petitioners—Defendants below—in this civil rights action petition for leave to appeal the order granting Plaintiff-Respondent a new trial on the ground that the jury had been erroneously instructed that to succeed on his claims of deliberate indifference to a known medical need, Plaintiff was required to prove that Defendants' deliberate indifference was the proximate cause of decedent's death.

This case involves the death of the Plaintiff's brother, decedent William Scozzari, who was fatally shot by two police officers, Defendants. Plaintiff, acting as representative of decedent's estate, brought a civil rights action alleging claims of excessive force and deliberate indifference to a known medical need. After Defendants' motion for summary judgment on qualified immunity grounds was denied, a trial was held and the jury found in favor of Defendants on both claims. The district court instructed the jury that Plaintiff must prove Defendants' deliberate indifference proximately caused decedent's death. Plaintiff filed a motion for new trial, arguing that

1

the district court reversibly erred by giving this instruction. The district court agreed, and granted Plaintiff's motion for a new trial only on the deliberate indifference claim because our circuit has held that "in delay-of-treatment cases, it is not necessary to show that the delay in providing medical care proximately caused the injury" when it would be obvious to a layperson that there was a risk of serious harm without immediate medical attention. *Scozzari v. Miedzianowski,* 454 F. App'x 455, 464 n.8 (6th Cir. 2012). For this conclusion, we relied on our published opinion in *Estate of Owensby v. City of Cincinnati*, 414 F.3d 596, 604 (6th Cir. 2005).

Defendants filed a motion for relief from the order granting a new trial, arguing that they were entitled to qualified immunity on the deliberate-indifference claim; the motion was denied, and their appeal of that ruling is also currently pending before this Court. Defendants subsequently moved to certify the order granting a new trial for an interlocutory appeal under 28 U.S.C. § 1292(b) regarding the question of whether Plaintiff was required to prove proximate cause. Section 1292(b) provides as follows:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order . . . .

The district court granted the motion, and Defendants now seek permission to appeal to this Court.

Defendants cannot satisfy the requirement that "a substantial ground for difference of opinion exists regarding the correctness of the decision" and so they may not pursue an interlocutory appeal here. District courts in this circuit have interpreted "a substantial ground for difference of opinion . . . regarding the correctness of the decision" to mean when "(1) the question is difficult, novel and either a question on which there is little precedent or one whose correct resolution is not substantially guided

by previous decisions; (2) the question is difficult and of first impression; (3) a difference of opinion exists within the controlling circuit; or (4) the circuits are split on the question." *City of Dearborn v. Comcast of Mich. III, Inc.*, No. 08-10156, 2008 WL 5084203, at *3 (E.D. Mich. Nov. 24, 2008). The district court relied on the fact that other circuits require a finding of proximate cause in delay-of-treatment cases. However, there is no difference of opinion in this circuit, and we view the relevant inquiry under the fourth prong to be whether there is a circuit split on a question that *our own circuit has not answered.* Where our circuit has answered the question, the district court is bound by our published authority. And so are we.

Because there is governing precedent in this circuit that settles the issue at hand, Defendants cannot show the extraordinary circumstances such that an interlocutory appeal should be granted. *See Kraus v. Bd. of Cnty. Rd. Comm'rs for Kent Cnty.*, 364 F.2d 919, 922 (6th Cir. 1966) (observing that § 1292(b) "should be sparingly applied "and" is to be used only in exceptional cases").

For the foregoing reasons, the petition for permission to file the interlocutory appeal is **DENIED.**

ENTERED BY ORDER OF THE COURT

Deborah S. Hunt, Clerk