**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 16a0370n.06

**Case No. 16-0303**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**
Jul 01, 2016
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| IN RE: NANCY BUCCINA, *et al.*, | ) | |
| | ) | |
| Petitioner. | ) | UPON PETITION FOR PERMISSION TO APPEAL FROM AN ORDER OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF OHIO |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |

BEFORE:  MOORE, CLAY, and GRIFFIN, Circuit Judges.

**CLAY, Circuit Judge.**  Nancy Buccina was riding as a passenger on a boat driven by Linda Grimsby on the Maumee River, near Toledo, Ohio.  When the boat hit a large wave or wake, Buccina was allegedly thrown around the boat and injured.  Buccina, along with her husband, filed a negligence action against Grimsby in the Northern District of Ohio with jurisdiction being based on admiralty law, 28 U.S.C. § 1333(1).  The case was then set for trial. In ruling on a motion in limine, the district court held that the rule of *The Pennsylvania*, 86 U.S. (19 Wall.) 125, 22 L.Ed. 148 (1873)—which puts on the ship owner the burden of proving that its violation of a statute or regulation did not cause the injury—did not apply in this case. Buccina now appeals that ruling, and we **DISMISS** for lack of jurisdiction.

## BACKGROUND

This case is still pending below and has not yet gone to trial.  In anticipation of trial, the parties have filed several motions in limine.  Most pertinent to this case, Buccina filed a motion

in limine asking the district court to apply the rule of *The Pennsylvania*, 86 U.S. (19 Wall.) 125, 22 L.Ed. 148 (1873), which provides a specific burden of proof structure for causation in maritime incidents. Under the rule of *The Pennsylvania*, a vessel in violation of a statute bears the burden of showing not only that the violation did not cause the damage, it could not have. *Id.* 86 U.S. (19 Wall.) at 136. *See also Waring v. Clarke*, 46 U.S. (5 How.) 441, 465, 12 L.Ed. 226 (1847) (a vessel "will be held responsible for all losses until it is proved that the collision was not the consequence [of a statutory fault]").

The district court declined to apply the rule of *The Pennsylvania* in this case because it found that the rule applies only to collisions, and that a collision occurs when two moving vessels strike each other—not when a ship strikes a wake or wave. Buccina moved for certification of an interlocutory appeal, and on February 10, 2016, the district court entered an order stating, in relevant part:

> I certify the following question for immediate, interlocutory appeal to the United States Court of Appeals for the Sixth Circuit:
>
> Whether a "collision," as that term is used in Inland Navigation Rules 6 and 8, 33 C.F.R. §§ 83.06, 83.08, occurs when a vessel strikes a wake or wave, but not another vessel, so as to invoke the rule of *The Pennsylvania*, 86 U.S. (19 Wall.) 125 (1873).

(R. 94, Order Certifying Interlocutory Appeal, PageID# 1364.)

## DISCUSSION

This interlocutory appeal comes to us by certification under 28 U.S.C. § 1292(b). The district court found that § 1292(b)'s requirements have been met: that its order (1) involves a controlling question of law, (2) as to which there is substantial ground for difference of opinion, and (3) that an immediate appeal from the order may materially advance the ultimate termination of the litigation. *See* R. 94 at 1363 (applying § 1292(b)).

We agree with the district court that the issue it certified for appeal—whether a collision occurs where a ship strikes a wake or wave, but not another ship, so as to invoke the rule of *The Pennsylvania*—is a "controlling question of law" because the answer to this question determines which party bears the burden of proof as to causation. We also agree with the district court that an immediate appeal of this order may materially advance the ultimate termination of the litigation because a determination that the rule of *The Pennsylvania* applies would make Grimsby's challenge more of an uphill battle than it otherwise might have been. However, because Buccina cannot satisfy the requirement that "substantial ground for difference of opinion" exists, she cannot pursue an interlocutory appeal.

Courts traditionally will find that a substantial ground for difference of opinion exists where "(1) the question is difficult, novel and either a question on which there is little precedent or one whose correct resolution is not substantially guided by previous decisions; (2) the question is difficult and of first impression; (3) a difference of opinion exists within the controlling circuit; or (4) the circuits are split on the question." *In re Miedzianowski*, 735 F.3d 383, 384 (6th Cir. 2013) (citation and internal quotation marks omitted).

None of the factors this Court uses to determine whether there is a "substantial ground for difference of opinion" are present here. For one, this is not a difficult question and a few of our prior cases suggest that the district court got this one right—in other words, the correct resolution of this case *is* guided by previous decisions. The rule of *The Pennsylvania* applies only to collisions, *see Grosse Ile Bridge Co. v. Am. S.S. Co.*, 302 F.3d 616, 622 (6th Cir. 2002), and a collision occurs "when two moving vessels strike each other." *Bessemer & Lake Erie R.R. Co. v. Seaway Marine Transp.*, 596 F.3d 357, 362 (6th Cir. 2010). *See also Luckenbach S.S. Co. v. The Thekla*, 266 U.S. 328, 340 (1924) ("A collision involves two vessels.").

3

While it is true, as the concurrence points out, that *Bessemer* did not address the specific question at issue in this case,[1] this Court's and the Supreme Court's definition of "collision" is narrow enough to prevent what happened here from falling within it. And from a common sense perspective, the idea that a collision occurs when a moving boat strikes a wave would seem to be an unworkable concept since boats, once launched, are repeatedly and continually hitting waves. Defining collision so broadly would lead to too many disputes whenever a driver of a boat comes into contact with a wave—which happens virtually every time a boat enters the water.[2] In other words, this definition simply takes in too many circumstances that do not apply the rule of *The Pennsylvania* in a practical or workable way.[3]

Moreover, there is no difference of opinion in this Circuit, nor is there any circuit split "on a question that our own circuit has not answered." *In re Miedzianowski*, 735 F.3d at 384. Finally, this case is not within the class of interlocutory appeals contemplated by § 1292(b). That statute "was not intended to authorize interlocutory appeals in ordinary suits for personal injuries . . . that can be tried and disposed of on their merits in a few days," and this is one of those cases. *Kraus v. Board of County Rd. Comm'rs*, 364 F.2d 919, 922 (6th Cir. 1966).

---

[1] Rather, that case addressed the issue of whether there is a rebuttable presumption that in an allision (which the Court defined as "when a moving vessel strikes a stationary object"), the moving object is at fault. *Bessemer*, 596 F.3d at 362.

[2] The reasoning set out in this opinion is not an attempt to bind the district court or address this issue on the merits, inasmuch as our holding here is limited to concluding that we are without jurisdiction to hear Buccina's appeal because she cannot satisfy the requirement that "a substantial ground for difference of opinion" exists. *See* 28 U.S.C. § 1292(b).

[3] Nothing in this opinion calls into question the principle that boats may be liable for damages to other boats for creating a dangerous or excessive wake. *See Matheny v. Tenn. Valley Auth.*, 557 F.3d 311, 316 (6th Cir. 2009) (a competent captain conversant in the Inland Rules of Navigation did not need to be told that an excessive wake would be dangerous to smaller shipping boats); *see also In re Cleveland Tankers, Inc.*, 67 F.3d 1200, 1205-06 (6th Cir. 1995). Our prior cases establish that a boat which causes damage to another boat because of its making an excessive wake may be liable in tort. *See id.* But this, of course, is not what happened in this case.

**CONCLUSION**

Certification is designed to be used sparingly and in extraordinary cases. This simple personal injury suit is not extraordinary, and certification of this dispute would not be a sparing use of § 1292(b). Accordingly, we **DISMISS** this appeal for lack of jurisdiction.

**KAREN NELSON MOORE, Circuit Judge, concurring in the judgment.** I respectfully disagree with the majority's conclusion that "[n]one of the factors this Court uses to determine whether there is a 'substantial ground for difference of opinion' are present" in this case. Although we stated in *Bessemer* that a collision occurs "when two moving vessels strike each other," this was in the context of distinguishing a "collision" from an "allision." *Bessemer & Lake Erie R.R. Co. v. Seaway Marine Transp.*, 596 F.3d 357, 362 (6th Cir. 2010). *Bessemer* had no occasion to determine whether a "collision" can also occur when a vessel strikes a wake or wave created by another vessel. *See id.* Further, in *Matheny*, we stated in dictum that "[t]he term 'collision' is used in a broad sense under the Inland Navigational Rules to include a vessel's wake striking another vessel." *Matheny v. Tenn. Valley Auth.*, 557 F.3d 311, 316 n.3 (6th Cir. 2009). And, as the district court recognized in certifying this question for appeal, district courts within our circuit have determined that the Inland Navigational Rules applicable to "collision[s]" were violated when a vessel "was going fast enough to create a wake that caused another boat to capsize." *Matheny v. Tenn. Valley Auth.*, 523 F. Supp. 2d 697, 714 (M.D. Tenn. 2007), *rev'd on other grounds*, 557 F.3d at 316–20; *Edington v. Madison Coal & Supply Co.*, No. 08-69-JGW, 2010 WL 2244078, at *2 (E.D. Ky. June 4, 2010) (rejecting argument that "'collision' as used in Rule 8 . . . should be restricted to a 'collision' between two vessels" as opposed to "the action of a vessel colliding with a wake"); *see* R. 94 (D. Ct. Certification Order at 3) (Page ID #1363). Although these cases do not involve the situation presented here—a pleasure-boat passenger suing the driver of that same boat after the driver collided with large wakes caused by other vessels in a highly-trafficked area, *see* R. 1 (Compl. at 4) (Page ID #4)—these cases demonstrate that "little precedent" exists to resolve this question clearly. *See In re Miedzianowski*, 735 F.3d 383, 384 (6th Cir. 2013). Nonetheless, I agree with the majority that "[r]eview under § 1292(b)

is granted sparingly," and this personal injury case is not an "exceptional case[]" for which certification is warranted.  *See In re City of Memphis*, 293 F.3d 345, 350 (6th Cir. 2002); *see also Kraus v. Bd. of Cty. Rd. Comm'rs*, 364 F.2d 919, 922 (6th Cir. 1966).  For these reasons, I concur in the judgment.