KAREbT NELSON MOORE, Circuit Judge,
concurring in the judgment.
I respectfully disagree with the majority’s conclusion that “[n]one of the factors this Court uses to determine whether there is a ‘substantial ground for difference of opinion’ are present” in this case. Although we stated in Bessemer that a collision occurs “when two moving vessels strike each other,” this was in the context *353 of distinguishing a “collision” from an “allision.” Bessemer & Lake Erie R.R. Co. v. Seaway Marine Transp., 596 F.3d 357, 362 (6th Cir. 2010). Bessemer had no occasion to determine whether a “collision” can also occur when a vessel strikes a wake or wave created by another vessel. See id. Further, in Matheny, we stated in dictum that “[t]he term ‘collision’ is used in a broad sense under the Inland Navigational Rules to include a vessel’s wake striking another vessel.” Matheny v. Tenn. Valley Auth., 557 F.3d 811, 316 n.3 (6th Cir. 2009). And, as the district court recognized in certifying this question for appeal, district courts within our circuit have determined that the Inland Navigational Rules applicable to “eollision[s]” were violated when a vessel “was going fast enough to create a wake that caused another boat to capsize.” Matheny v. Tenn. Valley Auth., 523 F.Supp.2d 697, 714 (M.D. Tenn. 2007), rev’d on other grounds, 557 F.3d at 316-20; Edington v. Madison Coal & Supply Co., No. 08-69-JGW, 2010 WL 2244078, at *2 (E.D. Ky. June 4, 2010) (rejecting argument that “ ‘collision’ as used in Rule 8 ... should be restricted to a ‘collision’ between two vessels” as opposed to “the action of a vessel colliding with a wake”); see R. 94 (D. Ct. Certification Order at 3) (Page ID # 1363). Although these cases do not involve the situation presented here—a pleasure-boat passenger suing the driver of that same boat after the driver collided with large wakes caused by other vessels in a highly-trafficked area, see R. 1 (Compl. at 4) (Page ID # 4)—these cases demonstrate that “little precedent” exists to resolve this question clearly. See In re Miedzianowski, 735 F.3d 383, 384 (6th Cir. 2013). Nonetheless, I agree with the ma: jority that “[rjeview under § 1292(b) is granted sparingly,” and this personal injury case is not an “exceptional case[]” for which certification is warranted. See In re City of Memphis, 293 F.3d 345, 350 (6th Cir. 2002); see also Kraus v. Bd. of Cty. Rd. Comm’rs, 364 F.2d 919, 922 (6th Cir. 1966). For these reasons, I concur in the judgment.