# United States Court of Appeals
## For the Eighth Circuit

_____

No. 16-3617

_____

K.T.

*Plaintiff - Appellant*

v.

Culver-Stockton College; A.B.; Lambda Chi Alpha Fraternity; Lambda Chi Alpha Fraternity Inc.

*Defendants - Appellees*

_____

Women's and Children's Advocacy Project at New England Law Boston

*Amicus Curiae*

_____

Appeal from United States District Court
for the Eastern District of Missouri - St. Louis

_____

Submitted: April 5, 2017
Filed: August 1, 2017

_____

Before SMITH, Chief Judge, ARNOLD and SHEPHERD, Circuit Judges.

_____

SHEPHERD, Circuit Judge.

K.T. brought a Title IX student-on-student harassment claim against Culver-Stockton College after she was allegedly sexually assaulted by a Culver-Stockton student on campus. The district court[1] dismissed her complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). We affirm.

I.

Sixteen-year-old K.T., a junior in high school, was invited by Culver-Stockton College to visit campus as a potential recruit to the women's soccer team. While there, K.T. went to a party at an on-campus fraternity house, where she says she was served alcohol before being physically and sexually assaulted by a fraternity member. The alleged assailant was a student of Culver-Stockton College. According to K.T., the incident was reported to College authorities the same weekend of the party, but the College did nothing other than cancel a scheduled conference with K.T. and her parents.

K.T. sued the College in federal court seeking money damages under Title IX of the Education Amendments of 1972.[2] The claim was couched in terms of student-on-student harassment (or peer harassment), a theory first articulated by the United States Supreme Court in Davis ex rel. LaShonda D. v. Monroe County Board of Education, 526 U.S. 629 (1999). Davis held that a federally funded institution may be liable for damages in a private Title IX action if its deliberate indifference to known acts of peer harassment denied the victim access to educational opportunities provided by the institution. Id. at 650. K.T.'s complaint stated that the College acted with deliberate indifference toward sexual harassment on its campus by failing to (1)

---

[1]The Honorable Charles A. Shaw, United States District Judge for the Eastern District of Missouri.

[2]Though Culver-Stockton College is a private Christian school, it receives federal financial assistance and is therefore subject to Title IX's prohibition against sex-based discrimination. 20 U.S.C. § 1681(a).

take reasonable preventative measures such as supervising K.T. during her visit, and (2) investigate and provide treatment for K.T. once the College received reports of the alleged incident.

The College moved to dismiss the Title IX claim under Federal Rule of Civil Procedure 12(b)(6), arguing that K.T. failed to state a claim because she was not a Culver-Stockton student when the alleged assault occurred. The College averred that the student-on-student harassment doctrine, as its name suggests, applies only in cases where a student sues her own school over harassment by a fellow student. In support, the College quoted language from Davis that a funding recipient is not liable under Title IX "unless its deliberate indifference subject[s] *its students* to harassment." Id. at 644-45 (alteration in original) (emphasis added) (internal quotation marks omitted). The College further asserted that no federal court has extended Davis's holding to claims by non-students.

The district court agreed with Culver-Stockton. In an order dismissing the Title IX claim, the court first concluded that as a non-student K.T. could not bring a Title IX claim against the College. Even if K.T. could bring such a claim, the district court continued, she failed to plausibly allege that (1) an appropriate person at the College had actual knowledge of previous incidents of similar harassment so as to alert it to a substantial risk of further abuse, and (2) the College's response to K.T.'s allegations was deliberately indifferent and caused her to undergo harassment, made her vulnerable to it, or subjected her to further discrimination. The court determined that K.T. therefore failed to state a plausible claim under Title IX.[3]

---

[3]In the district court, K.T. also brought an assault claim against the alleged assailant, as well as assault and negligent supervision claims against the local fraternity chapter and the fraternity's national organization. After dismissing the Title IX claim against the College, the district court declined to exercise supplemental jurisdiction over the remaining state law claims.

## II.

The parties dispute whether K.T.'s status as a non-student precludes her from asserting a Title IX harassment claim. Assuming arguendo that it does not, we find no merit in K.T.'s appeal because her complaint failed to state a plausible claim to survive dismissal under Rule 12(b)(6). Accordingly, we affirm.

### A. Standard of Review

We review the district court's grant of a Rule 12(b)(6) motion to dismiss de novo. Cox v. Mortg. Elec. Registration Sys., Inc., 685 F.3d 663, 668 (8th Cir. 2012). To prevail, K.T. must allege more than "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). The complaint must allege sufficient facts that, taken as true, "'state a claim to relief that is plausible on its face.'" Id. (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is facially plausible when its factual content "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. "We make this determination by considering only the materials that are necessarily embraced by the pleadings and exhibits attached to the complaint." Cox, 685 F.3d at 668 (internal quotation marks omitted).

### B. Title IX Student-on-Student Harassment

Title IX provides that "[n]o person in the United States shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any education program or activity receiving Federal financial assistance." 20 U.S.C. § 1681(a). Where, as here, the plaintiff's Title IX claim is based on harassment, the school is liable in damages only where it is "(1) deliberately indifferent (2) to known acts of discrimination (3) which occur under its control." Ostrander v. Duggan, 341 F.3d 745, 750 (8th Cir. 2003) (internal quotation marks

omitted). Additionally, the discrimination must be "so severe, pervasive, and objectively offensive that it can be said to deprive the victim[] of access to the educational opportunities or benefits provided by the school." Davis, 526 U.S. at 650.

### i. Deliberate Indifference

K.T. failed to plausibly allege that Culver-Stockton acted with deliberate indifference. A funding recipient "may not be liable for damages unless its deliberate indifference *subject[s]* its students to harassment. That is, the deliberate indifference must, at a minimum, *cause* [students] to undergo harassment or make them liable or vulnerable to it." Davis, 526 U.S. at 644-45 (alterations in original) (emphasis added) (internal quotation marks omitted); see also Shrum ex rel. Kelly v. Kluck, 249 F.3d 773, 782 (8th Cir. 2001) ("[D]eliberate indifference must either directly cause the abuse to occur or make students vulnerable to such abuse.").

In her complaint, K.T. alleged that Culver-Stockton was deliberately indifferent by failing to adopt practices to prevent sexual assault and also failing to investigate and offer medical services to K.T. after it received reports of the alleged incident. But the complaint identified no causal nexus between Culver-Stockton's inaction and K.T.'s experiencing sexual harassment. Rather, the complaint alleged that "as a direct and proximate result of . . . [Culver-Stockton's] failure to investigate and provide guidance, counseling and treatment, . . . Plaintiff sustained substantial mental and emotional distress and . . . [s]he currently suffers from post-trauma syndrome and psychiatric overlay." At most, these allegations link the College's inaction with emotional trauma K.T. claims she experienced following the assault. The complaint does not, however, allege that Culver-Stockton's purported indifference "subject[ed] [K.T.] to harassment." See Davis, 526 U.S. at 644. Thus, while K.T. was dissatisfied with Culver-Stockton's response, based on the allegations in the complaint the response cannot be characterized as deliberate indifference *that caused the assault*.

See, e.g., <u>Shrum</u>, 249 F.3d at 782. We therefore agree with the district court that K.T. failed to adequately plead deliberate indifference.

### ii. Actual Knowledge

We also agree with the district court that K.T. did not plausibly plead that Culver-Stockton had actual knowledge of discrimination. Citing <u>Williams v. Board of Regents of the University System of Georgia</u>, 441 F.3d 1287, 1298 (11th Cir. 2006), *vacated*, 477 F.3d 1282 (11th Cir. 2007), K.T. argues that a plaintiff satisfies the actual knowledge element simply by notifying the school that she was subjected to a sexual assault. Because K.T.'s complaint stated that her assault allegations were reported to Culver-Stockton one to two days after the fraternity party, K.T. argues that she sufficiently pled actual knowledge.

Contrary to K.T.'s contention, the actual knowledge element requires schools to have more than after-the-fact notice of a single instance in which the plaintiff experienced sexual assault. <u>See, e.g.</u>, <u>Plamp v. Mitchell Sch. Dist. No. 17-2</u>, 565 F.3d 450, 454, 457 (8th Cir. 2009) (no actual knowledge of discrimination where a high school student's parents "immediately reported" a teacher's sexual harassment of the student). Rather, a plaintiff must allege that the funding recipient had *prior notice* of a substantial risk of peer harassment "in the recipient's programs," <u>see</u> <u>Gebser v. Lago Vista Indep. Sch. Dist.</u>, 524 U.S. 274, 290 (1998), based on evidence such as previous similar incidents of assault. In <u>Ostrander</u>, for instance, this court intimated that actual knowledge may be established where the recipient has *prior knowledge* of (1) harassment previously committed by the same perpetrator and/or (2) previous reports of sexual harassment occurring on the same premises. 341 F.3d at 751. Similarly, in <u>Thomas v. Board of Trustees of the Nebraska State Colleges</u>, this court stated that a plaintiff must show that the school "had actual knowledge that [the assailant] posed a substantial risk of sufficiently severe harm to students based on [the assailant's] *previous known conduct*." 667 F. App'x 560, 562 (8th Cir. 2016) (per

-6-

curiam) (emphasis added).  Even in <u>Williams</u>—which K.T. misreads as favoring her case—the Eleventh Circuit on sua sponte rehearing found that school officials had actual knowledge of discrimination in part because they recruited the student-assailant despite having "preexisting knowledge" of the student's previous sexual misconduct.  477 F.3d at 1293-94.

K.T.'s complaint lacks any assertion that Culver-Stockton knew—prior to the alleged assault on K.T.—that individuals in the College's soccer recruiting program faced a risk of sexual harassment.  As the district court acknowledged, K.T. "makes no factual allegations that the College was aware of invited high-school aged recruits, visitors or College students being assaulted in similar circumstances, or that the College was aware of any prior allegations of sexual assault by [the same alleged perpetrator]."  We therefore agree with the district court that K.T. failed to plausibly allege that Culver-Stockton had actual knowledge of discrimination within the meaning of a Title IX peer harassment claim.

### iii.  Severe, Pervasive, and Objectively Offensive Discrimination

By the language of Title IX itself, liability lies only where the plaintiff is "subjected to discrimination *under any education program or activity* receiving Federal financial assistance."  20 U.S.C. § 1681(a) (emphasis added).  The Supreme Court in <u>Davis</u> interpreted this provision to "suggest[] that the behavior be serious enough to have the systemic effect of denying the victim equal access to an educational program or activity."  526 U.S. at 652.  "[I]n theory," the Court explained, "a single instance of sufficiently severe one-on-one peer harassment could be said to have such an effect, [but] we think it unlikely that Congress would have thought such behavior sufficient to rise to this level in light of the . . . amount of litigation that would be invited by entertaining claims of official indifference to a single instance of one-on-one peer harassment."  <u>Id.</u> at 652-53; <u>see also</u> <u>Williams</u>, 477 F.3d at 1297 ("[D]iscrimination must be more widespread than a single instance of

one-on-one peer harassment." (internal quotation marks omitted)). Rather, the discrimination must be "severe, pervasive, and objectively offensive." Davis, 526 U.S. at 651.

K.T.'s complaint is limited to an allegation of a single sexual assault. Although we are sympathetic to K.T.'s circumstances and agree that she has alleged opprobrious misconduct on the part of the fraternity member, K.T.'s singular grievance on its own does not plausibly allege pervasive discrimination as required to state a peer harassment claim. See id. Accordingly, K.T.'s complaint lacks factual content allowing us to conclude that either the alleged misconduct or Culver-Stockton's response to K.T.'s allegations had the required "systemic effect" such that K.T. was denied equal access to educational opportunities provided by Culver-Stockton. See id. at 652. The complaint therefore failed to state a claim of peer harassment under Title IX.[4]

III.

For these reasons, we affirm the order of the district court granting Culver-Stockton's motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).

—————————————————

[4]Because K.T. failed to adequately plead the elements of deliberate indifference, actual knowledge, and pervasive discrimination depriving her equal access to an educational program, we need not determine whether she sufficiently alleged the element of Culver-Stockton's "substantial control over both the harasser and the context in which the known harassment occurs." See Ostrander, 341 F.3d at 750.