Paul L. Maloney, United States District Judge
Defendant Michigan State University requests the Court issue a certificate of appealability for an interlocutory appeal. (ECF No. 70.) For the following reasons, Defendant's motion is GRANTED.
Plaintiffs are four former students at Michigan State University (MSU). Each alleges that she was sexually harassed or assaulted by another student and reported the incident to MSU. Not satisfied with the manner in which the assaults were investigated and resolved, Plaintiffs filed this Title IX lawsuit. Defendants filed a motion to dismiss. This Court granted the motion in part and denied the motion in part. The Court dismissed the Title IX claim brought *1030 by one plaintiff, but allowed the Title IX claims brought by three other plaintiffs to proceed. The Court denied the request for qualified immunity sought by Defendant Denise Maybank on an Equal Protection violation claim. Defendants have appealed the denial of qualified immunity.
In this motion, Defendants asked the Court to certify an issue for an interlocutory appeal. According to Defendants, Title IX requires plaintiffs to plead that a school's deliberate indifference caused them to suffer further harassment. In denying the motion to dismiss the Title IX claims brought by three of the plaintiffs, the Court found that the allegations in the complaint were sufficient to state a claim under Title IX. Each of the three plaintiffs pleaded sufficient facts to establish the deliberate indifference element and that they three were denied educational opportunities as a result of MSU's deliberate indifference. The Court did not determine whether the complaint alleged facts to support the conclusion that MSU's deliberate indifference caused further harassment.
Generally, parties may only appeal final decisions of district courts to the courts of appeal. 28 U.S.C. § 1291 ; see Mohawk Indus., Inc. v. Carpenter , 558 U.S. 100, 106, 130 S.Ct. 599, 175 L.Ed.2d 458 (2009). However, parties may take an interlocutory appeal when certain conditions are met. The statute authorizing interlocutory appeal provides:
(b) When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion the such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he may shall so state in writing in such order....
28 U.S.C. § 1292(b). The Sixth Circuit Court of Appeals has held that this statute requires three elements be present before a court may, in its discretion, certify an order for interlocutory appeal: (1) the order involves a controlling question of law, (2) a substantial ground for differences of opinion exists concerning the correctness of the decision, and (3) an immediate appeal may materially advance the ultimate termination of the litigation. In re City of Memphis , 293 F.3d 345, 350 (6th Cir. 2002) (citing Cardwell v. Chesapeake & Ohio Ry. Co. , 504 F.2d 444, 446 (6th Cir. 1974) ). The Sixth Circuit has cautioned that certification under § 1292(b) should be "sparingly applied" and used "only in exceptional cases." Kraus v. Bd. of County Rd. Comm'rs , 364 F.2d 919, 922 (6th Cir. 1966) (quoting Milbert v. Bison Labs. , 260 F.2d 431, 433 (3d Cir. 1958) ).
Defendant has established the requirements for the Court to certify an issue for an interlocutory appeal. At the outset, the Court makes two observations. First, in August 2017, the United States District Court for the District of Kansas certified the same issue for an interlocutory appeal. Weckhorst v. Kansas State University , No. 16-cv-2255, 2017 WL 3701163 (D. Kan. Aug. 24, 2017). Of course, how the Tenth Circuit resolves the certified issue would only be persuasive, not binding, authority.
Second, the Sixth Circuit has not directly addressed this issue in a published decision. The Sixth Circuit's statement in Vance v. Spencer County Public School District , 231 F.3d 253, 259 (6th Cir. 2000) that "one incident can satisfy a claim" does not resolve the matter. In that case, the plaintiff pleaded multiple incidents of sexual harassment and, read in context, the Sixth Circuit was explaining that the allegations met the requirement that the harassment must be severe and pervasive *1031 enough to deprive a plaintiff of educational opportunities. The statement does not clarify whether a single incident which is then reported would be sufficient, or if a single incident after the school is put on notice is necessary.
The more recent decision, M.D. v. Bowling Green Independent School District , 709 Fed.Appx. 775, 2017 WL 4461055 (6th Cir. Oct. 6, 2017), similarly leaves open the question of whether further harassment is required. Although the plaintiff alleged that the mere presence on campus of the person who assaulted her created a hostile environment, caused her grades to suffer, and resulted in lost opportunities with the cheerleading coaches, the court resolved the claim on the deliberate indifference element. The court concluded that even if the plaintiff felt vulnerable, the school's response to the incident was not clearly unreasonable. Id. at *2. And, the court held that it had to refrain from second-guessing the decisions made by the school administrators. Id.
In an unpublished decision in 2004, the Sixth Circuit affirmed this Court's decision granting a school district's motion for summary judgment on a Title IX claim. Noble v. Branch Intermediate Sch. Dist. , 112 Fed.Appx. 507 (6th Cir. 2004). In the underlying opinion, the Court reasoned that a Title IX recipient cannot be liable merely because the plaintiff had a fear of future harassment or a feeling of vulnerability. Noble v. Branch Intermediate Sch. Dist. No. 4:01-cv-58, 2002 U.S. Dist. LEXIS 19600 *67 (W.D. Mich. Oct. 9, 2002). The holding, however, was preceded by the conclusion that the school's response was not deliberately indifferent. Id. at 56-65. Therefore, the portion of the opinion discussing the "further harassment" requirement is dicta. See United States v. Hardin , 539 F.3d 404, 411-12 (6th Cir. 2008) (explaining that when a holding is not necessary to the determination of the issue on appeal, the holding is dicta).
Defendant has established that the issue to be certified is a controlling issue of law. Defendant filed a motion to dismiss. The question for certification asks about a pleading requirement, a legal issue. Without dispute, resolution of the question would "materially affect the outcome of the case." In re City of Memphis , 293 F.3d at 351. This Court denied Defendant's motion regarding the Title IX claims on facts that did not require each plaintiff to prove harassment subsequent to the initial report. Plaintiffs do not dispute that Defendant has established this requirement for certification of an interlocutory appeal.
Defendant has established that a substantial ground for difference of opinion exists with respect to the pleading requirements of a Title IX claim. As evidenced by the summaries below, the question raised by Defendant is difficult and has little direct precedent. See In re Miedzianowski , 735 F.3d 383, 384 (6th Cir. 2013). And, although the Davis opinion has been binding law for many years, the proper interpretation of relevant passage appears to be a novel issue. See id. Where the district courts have considered whether further acts of harassment are required, they have acknowledged a difference of opinion on the issue. And, where the circuit courts have included language that appears favorable to Defendant's position here, a careful reading of the passage undermines the precedential value of the holdings.
Resolving Defendant's motion to dismiss, this Court relied on the language in Davis v. Monroe County Board of Education , 526 U.S. 629, 644-45, 119 S.Ct. 1661, 143 L.Ed.2d 839 (1999) indicating a Title IX claim arises when the defendant's deliberate indifferent leaves the plaintiff "liable or vulnerable to" further harassment. Multiple district courts have permitted *1032 Title IX claims to proceed past the pleading stage where the plaintiff did not allege specific acts of further harassment. E.g. , Hernandez v. Baylor Univ. , 274 F.Supp.3d 602, 613, 2017 WL 1322262, at *5 (W.D. Tex. Apr. 7, 2017) (holding that the pleading requirement for further harassment can be met if the plaintiff pleads that a school left the student vulnerable to further harassment) (collecting cases). And, district courts have questioned the reasoning of a requirement that a student must suffer further harassment to have a viable claim. E.g. , Karasek v. Regents of the Univ. of California , No. 15-cv-3717, 2015 WL 8527338, at *10-*12 (N.D. Cal. Dec. 11, 2015) (collecting cases with opposing holdings and concluding that requiring a plaintiff must be harassed or assaulted a second time before the school's unreasonable response become actionable runs counter to the goals of Title IX). In these opinions, the district courts addressed the question presented by Defendant here, whether the institution can be liable when its deliberately indifferent response leaves a student vulnerable to further harassment.
Defendant is correct that several published circuit court opinions exist that contain language from which it can be inferred that a plaintiff must plead acts of further harassment caused by the institution's deliberate indifference. These opinions lay the foundation for the difference of opinion requirement. For example, in Williams v. Board of Regents of University System of Georgia , 477 F.3d 1282, 1296 (11th Cir. 2007), the Eleventh Circuit wrote that the plaintiff must plead that the "Title IX recipient's deliberate indifference to the initial discrimination subjected the plaintiff to further discrimination." But, subsequent statements by the court suggest that the further discrimination need not be in the form of acts of harassment or assault. Several paragraphs after the above quoted statement, the court found that the school's delayed and inadequate investigation constituted deliberate indifference which "was followed by further discrimination, this time in the form of effectively denying Williams an opportunity to continue to attend UGA. Although Williams withdrew from UGA the day after the January 14 incident, we do not believe that at this stage her withdrawal should foreclose her argument that UGA continued to subject her to discrimination." Id.
Other opinions contains language favorable to Defendant, but the relevant passages were not addressing whether a plaintiff must plead acts of further harassment. For example, in K.T. v. Culver-Stockton College , 865 F.3d 1054, 1058 (8th Cir. 2017), the plaintiff alleged that she was sexually assaulted by another student, reported the incident to the school, which did nothing. The court resolved the matter by concluding the plaintiff failed to plead facts to show deliberate indifference. Id. To show deliberate indifference, the plaintiff alleged the school was "deliberately indifferent by failing to adopt practices to prevent sexual assault and also by failing to investigate or offer [her] medical services." Id. The court found that these allegations did not show how the school's indifference caused the assault. Id. The court did not consider or otherwise address whether further acts of harassment were required at the pleading stage.
Like the Noble opinion, the language in other circuit opinions favorable to Defendant is dicta. The holding in Escue v. Northern Oklahoma College , 450 F.3d 1146, 1155 (10th Cir. 2006), is typical. The court found, at summary judgment, that the Title IX recipient was not deliberately indifferent. Id. Only then, after finding sufficient reason to dismiss the Title IX claim, did the court note, as significant, *1033 that the plaintiff did not allege further sexual harassment. Id.
Finally, Defendant has demonstrated that an immediate appeal will materially advance the ultimate termination of the litigation. One of the remaining plaintiffs, Jane Roe 1, did not plead any subsequent or further harassment from her alleged attacker. And, if the other two plaintiffs must proceed under the theory advanced by Defendant, the number of issues to be resolved in this litigation will be reduced.
The Court also notes, as significant, that the parties will already be submitting briefs to the Sixth Circuit for Defendant Maybank's qualified immunity appeal. Certifying this issue would, therefore, constitute an efficient use of judicial resources.
Accordingly, the Court certifies its previous Opinion and Order (ECF No. 66) for interlocutory appeal and for a determination of the controlling questions of law: (1) must a plaintiff plead, as a distinct element of a Title IX claim, that she suffered acts of further discrimination as a result of the institution's deliberate indifference, rather than alleging mere vulnerability to further acts of discrimination; and (2) if a plaintiff must plead acts of further discrimination, does a plaintiff's allegations that the institution's deliberate indifference caused the deprivation of educational opportunities satisfy the pleading requirement?
IT IS SO ORDERED.