RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)
File Name: 18a0080p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

NANCY BUCCINA; SCOT A. BUCCINA,
  *Plaintiffs-Appellees/Cross-Appellants,*

  *v.*

LINDA ANN GRIMSBY,
  *Defendant-Appellant/Cross-Appellee.*

Nos. 17-3679/3721

Appeal from the United States District Court
for the Northern District of Ohio at Toledo.
No. 3:14-cv-02434—James G. Carr, District Judge.

Decided and Filed:  April 27, 2018

Before:  BATCHELDER, SUTTON, and WHITE, Circuit Judges.

_____

## COUNSEL

**ON BRIEF:**  Brian T. Winchester, Jesse M. Schmidt, MCNEAL SCHICK, ARCHIBALD & BIRO, CO., LPA, Cleveland, Ohio, for Appellant/Cross-Appellee.  Christopher D. Kuebler, RAY ROBINSON LAW CO., LPA, Cleveland, Ohio, for Appellees/Cross-Appellants.

_____

## OPINION

_____

SUTTON, Circuit Judge.  Linda Ann Grimsby invited her friend Nancy Buccina to take a boat trip on Lake Erie.  Toward the end of the voyage, the boat hit a wave, jarring the passengers and injuring Nancy.  Nancy and her husband Scot sued.  A jury found that Grimsby was not negligent.  But the district court granted Nancy and Scot's motion for a new trial on the ground that the evidence did not support the verdict.  Grimsby filed an interlocutory appeal, and the Buccinas cross-appealed.  Both sides think we may entertain their appeals thanks to an

interlocutory exception to the final judgment rule that applies to admiralty cases. But the exception does not apply because the Buccinas chose to pursue their claims under ordinary civil procedures, as the relevant rule and case law permits. We dismiss the appeals for lack of jurisdiction.

I.

In June 2012, Linda Ann Grimsby invited Nancy Buccina and one other friend to join her on a 17-foot motor boat to waterski on Lake Erie. After skiing, the group decided to take a trip down the Maumee River, which runs into the lake at Toledo. Grimsby navigated the vessel while Nancy sat in the front. The vessel hit an unexpected wave, likely caused by the wake of other boats. Nancy bounced up from her seat and came down hard on it. Grimsby steered the boat to a local Coast Guard station where Nancy received medical attention.

Nancy and her husband Scot Buccina sued Grimsby in the United States District Court for the Northern District of Ohio for personal injury and loss of consortium, invoking the court's diversity and admiralty jurisdiction. At the same time, they pleaded that "this action is not to be deemed an 'admiralty and maritime claim' within the meaning of" Rule 9 of the Federal Rules of Civil Procedure, a choice that guaranteed them a jury trial as opposed to the bench trial that defendants may force plaintiffs to undergo in admiralty cases. R.1 at 1–2.

The trip through federal court has taken much longer than their voyage. It has prompted nearly a half-dozen district court opinions, a jury trial, and (to date) two opinions from our court. In 2015, the district court held that the incident fell within the court's admiralty jurisdiction, meaning that federal maritime law controlled the duty of care. In 2016, the court held that a boat hitting a wave did not count as a "collision" under the Coast Guard Navigation Rules. The district court certified the question for interlocutory appeal under 28 U.S.C. § 1292(b). But there was no "substantial ground for a difference of opinion" about the answer that would justify an interlocutory appeal, we determined, and thus we opted not to accept the appeal. *In re Buccina*, 657 F. App'x 350, 351 (6th Cir. 2016).

On remand, a jury ruled for Grimsby, finding that she was not negligent. The Buccinas moved for a new trial under Civil Rule 59(a) or judgment notwithstanding the verdict under Civil Rule 50(b). The district court granted the motion for a new trial.

Grimsby appealed, and the Buccinas cross-appealed.

II.

Appellate jurisdiction typically extends only to final judgments. 28 U.S.C. § 1291. The district court's new-trial decision is the epitome of a non-final order. The case will not end until after the new trial. *See Allied Chem. Corp. v. Daiflon, Inc.*, 449 U.S. 33, 34 (1980) (per curiam).

That leaves the possibility that an exception to the final judgment rule applies. The parties might have asked the district court to certify the appeal for immediate review. 28 U.S.C. § 1292(b). But they did not, perhaps due to their last experience with that option.

The parties instead claim that we may review the appeal and cross appeal under an admiralty exception to the final judgment rule provided by statute. It permits litigants to appeal "[i]nterlocutory decrees . . . determining the rights and liabilities of the parties to admiralty cases in which appeals from final decrees are allowed." *Id.* § 1292(a)(3).

But is this an "admiralty case" under this law? Yes and no.

Yes, the complaint permissibly invokes the court's diversity *and* admiralty jurisdiction. Diversity jurisdiction exists because the Buccinas live in Florida, Grimsby lives in Michigan, and the Buccinas have plausibly alleged that their damages exceed $75,000. *Id.* § 1332(a)–(b). Admiralty jurisdiction exists as well. Article III extends federal jurisdiction to admiralty and maritime cases, U.S. Const. art. III, § 2, cl. 1, and Congress granted federal courts jurisdiction over "[a]ny civil case of admiralty or maritime jurisdiction, saving to suitors in all cases all other remedies to which they are otherwise entitled." 28 U.S.C. § 1333(1).

An incident falls within our admiralty jurisdiction if it (1) occurs on a navigable waterway, (2) could potentially disrupt maritime commerce, and (3) bears a "substantial relationship to traditional maritime activity." *Jerome B. Grubart, Inc. v. Great Lakes Dredge & Dock Co.*, 513 U.S. 527, 533–34 (1995) (quotations omitted). This incident satisfies the test.

The Maumee River is a navigable waterway. The incident risked disrupting maritime commerce by clogging up a commercial waterway and diverting Coast Guard personnel from other duties. And a tort stemming from the negligent operation of a boat on navigable waters "has a sufficient nexus to traditional maritime activity to sustain admiralty jurisdiction." *Foremost Ins. Co. v. Richardson*, 457 U.S. 668, 674 (1982).

The "no" side of the answer is more complicated, as our diversity and admiralty jurisdiction over the case have substantive and procedural implications for the case. As a matter of substance, the Constitution "prescribe[s] uniformity" in admiralty and maritime law. *Am. Dredging Co. v. Miller*, 510 U.S. 443, 451 (1994). We treat admiralty and maritime law as "a uniform body of substantive *federal* law, applicable not only in federal admiralty courts but also binding upon the state courts" and federal courts exercising their civil law powers. Richard H. Fallon, Jr. et al., *Hart and Wechsler's the Federal Courts and the Federal System* 690 (7th ed. 2015). Once a claim comes within our admiralty jurisdiction, substantive federal maritime law thus applies. *See Kermarec v. Compagnie Generale Transatlantique*, 358 U.S. 625, 628 (1959); *Jerome B. Grubart, Inc.*, 513 U.S. at 545–46.

While uniformity of substance is required in an admiralty case, "[u]niformity of process . . . is assuredly not what the law of admiralty seeks to achieve." *Am. Dredging Co.*, 510 U.S. at 453. That leaves open two routes in a federal court case like this one.

Route A is to invoke federal admiralty procedures, which differ from ordinary civil procedures in several ways. The Supplemental Rules for Admiralty and Maritime Claims, for example, preserve the traditional maritime remedy of attachment and garnishment and create special procedures for actions brought against vessels or property. Fed. R. Civ. P. Supp. AMC Rules B, C.

(As a side note, the Admiralty Rules used to be separate from the Civil Rules. In 1966, the rules makers merged the Admiralty Rules with the Civil Rules, not unlike the earlier merger of law and equity. Comm. on the Rules of Practice & Procedure, Report to the Judicial Conference of the United States at 4–5 (Sept. 1966); Fed. R. Civ. P. 9, 1966 cmt. Today, unless otherwise noted, the Civil Rules apply to admiralty actions, but there are several provisions in

the Civil Rules that spell out special admiralty procedures. *See, e.g.*, Fed. R. Civ. P. 14(c) (third-party impleader), 38(e) (no jury trial by right), 82 (venue); Fed. R. Civ. P. Supp. AMC Rules B (special attachment and garnishment rules), C (admiralty claims in rem), D (warrant of arrest of vessel, cargo, or other property in possessory, petitory, and partition actions), E (procedures for in rem and quasi in rem proceedings), F (liability limitation rules for owners of vessels and freight), G (forfeiture actions in rem).)

Route B is to invoke the traditional federal civil procedures for the case. Section 1333(1) "sav[es] to suitors in all cases all other remedies to which they are otherwise entitled." That gives plaintiffs the option of bringing an action sounding in admiralty under the general rules of civil procedure, including with the guarantee of a jury trial, as long as they can show that the matter arises under the court's diversity jurisdiction as well. *Atl. & Gulf Stevedores, Inc. v. Ellerman Lines, Ltd.*, 369 U.S. 355, 359–60 (1962); 14A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 3672 (4th ed. 2018).

Plaintiffs like the Buccinas thus have two options. They may use admiralty procedures to govern a substantive admiralty claim. Or they may pursue a hybrid action in which customary civil procedures govern their substantive admiralty law action. *See Atl. & Gulf Stevedores, Inc.*, 369 U.S. at 359–64 (permitting a plaintiff to bring an unseaworthiness claim before a jury after asserting diversity jurisdiction); *Kermarec*, 358 U.S. at 628–29 (same); *Carey v. Bahama Cruise Lines*, 864 F.2d 201, 206–08 (1st Cir. 1988).

How do we know which route the plaintiffs have taken? Before the unification of admiralty and law in 1966, it was easy. The plaintiff would file one of two forms of action—a civil action or a suit in admiralty—that would trigger the attendant procedures. 5 Wright & Miller § 1211 (3d ed. 2018). Unification, however, created a single form of action for both types of lawsuits, Fed. R. Civ. P. 2 ("There is one form of action—the civil action"), meaning that the way that the plaintiff initiated the lawsuit no longer signaled which set of procedures to employ. *See* Fed. R. Civ. P. 9, 1966 cmt.; *see also* 5 Wright & Miller § 1211 (3d ed. 2018); Brainerd Currie, *Unification of the Civil and Admiralty Rules: Why and How*, 17 Me. L. Rev. 1, 9–10 (1965). The Advisory Committee for the Federal Rules of Civil Procedure provided an answer, blessed by the Standing Committee on Rules of Practice and Procedure, the Judicial

Conference of the United States, the United States Supreme Court, and Congress under the procedures created by the Rules Enabling Act, 28 U.S.C. § 2072.  The Committee did not want to force plaintiffs to "forego mention of all available jurisdictional grounds" by having courts decide whether to apply admiralty or ordinary civil procedures based on the complaint's reference to one type of jurisdiction over the other.  Fed. R. Civ. P. 9, 1966 cmt.  It instead promulgated a rule under which plaintiffs could mention both types of jurisdiction but then decide which set of procedures would apply.  Civil Rule 9(h) tells the plaintiff (the "suitor" in § 1333(1)) to designate how the case will proceed.  *In re Lockheed Martin Corp.*, 503 F.3d 351, 355 (4th Cir. 2007); Fed. R. Civ. P. 9, 1966 cmt.  The rule says:

> If a claim for relief is within the admiralty or maritime jurisdiction and also within the court's subject-matter jurisdiction on some other ground, the pleading may designate the claim as an admiralty or maritime claim.

If a pleading designates a claim as an admiralty claim, the plaintiffs may use admiralty procedures (such as a guaranteed bench trial under Civil Rule 38(e)) but lose access to some procedures available in run-of-the-mine civil proceedings.  And vice versa:  If a pleading designates a claim as proceeding in diversity, the plaintiffs may use procedures available in ordinary civil cases (such as a guaranteed jury trial) but lose procedures unique to admiralty claims.  *See Luera v. M/V Alberta*, 635 F.3d 181, 188–89 (5th Cir. 2011); *Cont'l Cas. Co. v. Anderson Excavating & Wrecking Co.*, 189 F.3d 512, 517 (7th Cir. 1999); *Bodden v. Osgood*, 879 F.2d 184, 186 (5th Cir. 1989); 5 Wright & Miller § 1211 (3d ed. 2018).

We are getting warmer.  The Buccinas permissibly invoked both the admiralty and diversity jurisdiction of the federal courts.  They then pleaded that "this action is not to be deemed an 'admiralty and maritime claim' within the meaning of" Civil Rule 9.  R. 1 at 1–2.  By opting not to proceed with the case as an admiralty claim, they told the defendant and the district court that ordinary civil procedures would apply.  *See Cont'l Cas. Co.*, 189 F.3d at 517.  The district court honored their wish and gave them the jury trial to which that choice entitled them.

The benefit of a guaranteed jury trial, however, comes with fewer rights to an immediate appeal.  Civil Rule 9(h)(2) notes that a "case that includes an admiralty or maritime claim within

this subdivision (h) is an admiralty case within 28 U.S.C. § 1292(a)(3)." Had the Buccinas proceeded in admiralty, they could have invoked the statute in this interlocutory appeal. *See Williamson v. Recovery Ltd. P'ship*, 731 F.3d 608, 618–20 (6th Cir. 2013). But they elected to pursue their action under the ordinary civil procedures, which left them with no "admiralty claim" as defined in Rule 9(h)(1). Lacking any admiralty claim, theirs is not a Rule 9(h)(2) "admiralty case." And having invoked the ordinary civil procedures available under diversity jurisdiction, "the parties are not entitled to invoke any of the special procedures or remedies of admiralty, including the right of interlocutory appeal under section 1292(a)(3)." *Cont'l Cas. Co.*, 189 F.3d at 517; *see Luera*, 635 F.3d at 188; *Alleman v. Bunge Corp.*, 756 F.2d 344, 346 (5th Cir. 1984); Currie, *supra*, at 12; 5A Wright & Miller § 1313 (3d ed. 2018).

All of this means that § 1292(a)(3)'s interlocutory-appeal opportunity does not apply. That leaves us with 28 U.S.C. § 1291. And in the absence of a final, appealable judgment or a cognizable exception to the final judgment rule, we lack jurisdiction over the appeals.

The cases mentioned by the parties do not lead to a contrary conclusion, as a sampling of them makes clear. Take *Foulk v. Donjon Marine Co.*, in which the Third Circuit dealt with a case that arose under admiralty and diversity jurisdiction. The problem with that case is that the plaintiff never specified which set of procedures he wanted to invoke. 144 F.3d 252, 255 n.2 (3d Cir. 1998). The Buccinas in marked contrast left no doubt about their preference.

Or consider *Southworth Machinery Co. v. F/V Corey Pride.* The First Circuit considered an interlocutory appeal from an in rem action against a vessel under § 1292(a)(3). 994 F.2d 37, 39–40 (1st Cir. 1993). But an in rem claim in this context, in contrast to a claim brought against an individual or entity, is always an admiralty proceeding. *See Am. Dredging Co.*, 510 U.S. at 446–47; *The Moses Taylor*, 71 U.S. 411 (1866); 14A Wright & Miller § 3672 (4th ed. 2018). Under that circumstance, the court fairly inferred that the appeal arose from an admiralty case. *See also Martha's Vineyard Scuba Headquarters, Inc. v. Unidentified, Wrecked & Abandoned Steam Vessel*, 833 F.2d 1059, 1064 (1st Cir. 1987); *In re S.S. Tropic Breeze*, 456 F.2d 137 (1st Cir. 1972).

Or consider *Bergeron v. Elliot*. The Fifth Circuit's per curiam opinion is brief but it does say that the case was "specified to be in admiralty" under Rule 9(h). 466 F.2d 514, 516 n.3 (5th Cir. 1972) (per curiam). So too of *O'Donnell v. Latham*, in which the complaint made clear that the principal claim arose under admiralty. 525 F.2d 650, 652 (5th Cir. 1976).

Grimsby claims that the Buccinas received a jury trial not because they pleaded their case in diversity, but because they brought the action in admiralty and both parties consented to a jury trial. She is correct that the parties *could* have taken that route. Although Civil Rule 38(e) says that litigants have no right to a jury trial for an admiralty claim, Civil Rule 39(c)(2) allows the district court to try an admiralty claim before a jury provided that both parties consent. But that is not what happened. The Buccinas pleaded that the entire action was "not to be deemed an 'admiralty and maritime claim'" within the meaning of Rule 9. R. 1 at 1–2. In their opposition to Grimsby's motion to dismiss, the Buccinas explained that they "opted not to invoke the provisions of Fed. R. Civ. P. Rule 9(h) in order to preserve a jury trial . . . under [the district court's] alternative diversity jurisdiction." R. 11 at 3. In his order denying the motion, Judge Carr explained that the Buccinas could have proceeded under admiralty procedures but "chose to proceed in diversity to procure a different procedural benefit: the right to a jury trial." *Buccina v. Grimsby*, 96 F. Supp. 3d 706, 710 (N.D. Ohio 2015). Nothing in the record shows that the jury trial arose by mutual consent under Civil Rule 39(c).

In a minor twist on this theme, the Buccinas say that the complaint's Civil Rule 9(h) statement was "withdrawn, abandoned and disregarded as the case proceeded." A.R. 57 at 6. A party, it is true, may revoke a Rule 9(h) designation. As the Advisory Committee commentary points out, plaintiffs may amend their complaint to excise or change their designation under Civil Rule 15. Fed. R. Civ. P. 9, 1966 cmt., 2007 cmt. But the Buccinas never amended their complaint or otherwise re-designated the case. It is too late now. *See Bhd. Shipping Co. v. St. Paul Fire & Marine Ins. Co.*, 985 F.2d 323, 326 (7th Cir. 1993) (expressing "profound[]" doubt that plaintiffs could change their Rule 9(h) designations after invoking the benefits of one set of procedures "so that the plaintiff can have the best of both procedural worlds").

For these reasons, we dismiss the appeal and cross-appeal for lack of jurisdiction and remand to the district court for further proceedings.